UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN CSP - CORCORAN, et al.,<br><br>        Respondents. | 1:13-cv-00028 MJS<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>(Doc. 1) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1651. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

Petitioner has not, however, filed a complete application to proceed in forma pauperis or paid the required filing fee. Petitioner will be provided the opportunity to submit either a completed application to proceed in forma pauperis or pay the appropriate filing fee. Failure to do one or the other may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

A review of the petition reveals that the Court apparently lacks jurisdiction over this action. Under 28 U.S.C. § 1651(a), federal courts may issue writs "in aid of their respective jurisdictions. . ." The district court has original jurisdiction under 28 U.S.C. § 1361

to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." 28 U.S.C. § 1361. It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991). Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act. See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

In this case, Petitioner appears to seek mandamus relief from this Court directing a state agency to take specified action. Specifically, Petitioner seeks to compel wardens of California State Prisons Corcoran and Los Angeles County to return to Petitioner money that had been awarded to him in a state judgment. Petitioner does not seek an order compelling action on the part of the United States or any federal agency.  As a result, this Court lacks jurisdiction to proceed on Petitioner's petition.

Petitioner shall show cause in writing why this action should not be dismissed for lack of jurisdiction.  The failure to respond may result in dismissal of the action for the reasons outlined above, as well as for lack of prosecution and failure to comply with court orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis or pay the appropriate filing fee;

2. The Clerk of the Court is directed to send petitioner a new form Application to Proceed In Forma Pauperis; and

///
///
///

1     3. Within 30 days of the date of this order petitioner shall show cause in writing why this
2 action should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   March 29, 2013                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE