UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH, | 1:13-cv-00028 MJS |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS |
| v. | (Doc. 1) |
| WARDEN CSP-CORCORAN, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1651.  Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

On January 4, 2013, Petitioner filed a petition for writ of mandamus with this Court. (Pet., ECF No. 1.) On March 29, 2013, the Court ordered Petitioner to show cause why the petition should not be dismissed for lack of jurisdiction. (Order, ECF No. 4.) On April 25, 2013, Petitioner filed a response to the order to show cause.

A review of the petition reveals that the Court lacks jurisdiction over this action. Under 28 U.S.C. § 1651(a), federal courts may issue writs "in aid of their respective jurisdictions. . ." The district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of

mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." 28 U.S.C. § 1361. It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991). Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act. See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

In this case, Petitioner appears to seek mandamus relief directed to a state agency compelling action by the state agency. Specifically, Petitioner seeks to compel wardens of California State Prisons Corcoran and Los Angeles County to return money to Petitioner that he had been awarded in a prior state judgment. Because Petitioner does not seek an order compelling action on the part of the United States or any federal agency, this Court lacks jurisdiction. Petitioner, in his objections to the order to show cause, provides no reason to question the Court's decision to dismiss the petition for lack of jurisdiction.

Petitioner's petition for writ of mandamus is therefore DENIED. The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   May 4, 2013                         /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE